PER CURIAM.
We have for review the complaint of The Florida Bar and the referee’s report regarding alleged ethical breaches by Osvaldo Francisco Valladares. We have jurisdiction. Art. V, § 15, Fla. Const.
In light of Valladares’ involvement in two disciplinary actions, we will refer to this case as Valladares I. To properly understand the dispositions in both eases, it is necessary to refer to Florida Bar v. Valladares, 695 So.2d 702 (Fla.1997), as Valladares II. In that case, a consent judgment was entered and approved by Court order dated May 15,1997.
In the instant case, Valladares I, the circumstances are as follows. On March 17 and March 24, 1994, Valladares reported his required credit hours to the Continuing Legal Education Requirements (CLER) department. Valladares’ reporting deadline was March 31, 1994, but the CLER department did not report his credits until after that date. Valladares was subsequently suspended. On September 1, 1994, Valladares was also suspended for failure to pay his dues, which was unintentional. Valladares was reinstated on November 4, 1994, but had practiced law on three occasions while he was suspended.
One of his clients at that time was Augusto Goncalves. Goncalves retained Valladares on October 13, 1993, and paid $6,000 to cover costs and legal fees. Respondent neglected Goncalves’ case and subsequently agreed to reimburse the $6,000 by paying Goncalves $1,000 weekly. On September 29, 1994, Val-ladares gave Goncalves a bad cheek for $500, which he subsequently replaced with a cashier’s check.
Goncalves filed a complaint with the Bar and Valladares failed to respond in writing to the Bar’s inquiries. The Bar then investigated Valladares and found that on fifty-nine occasions checks on his account were returned for insufficient funds. When questioned, Valladares admitted that he had a substance abuse problem, was presently attending a treatment program and was under a three-year contract with Florida Lawyer’s Assistance, Inc. (F.L.A.). Valladares also advised that he had voluntarily closed his office for the practice of law and hired another lawyer to take over his cases.
On October Í5,1995, the Bar filed a motion for an emergency suspension of Valladares on grounds of misappropriation of funds, which the court granted effective November 15, 1995. The Bar then filed a complaint against Valladares. He was charged with violating several of the Rules Regulating the Florida Bar. The complaint alleged the following: (1) failure to properly maintain a trust account in violation of rules 4-1.15(a), 4-1.15(c), 4-1.15(d), 5-l.l(a), 5-l.l(e)(2), 5-1.2; (2) failure to respond in writing to an inquiry by a disciplinary agency in violation of rule 4-8.4(g); (3) practicing law while suspended in violation of rule 4-5.5; (4) not practicing within the scope of representation in violation of rule 4-1.2; (5) failure to maintain proper communications with a client in violation of rule 4-1.4(a); and (6) failure to provide a client with an accounting in violation of rule 4-4.1(b).
*825 On January 24, 1996, a referee was appointed to preside over this case. Subsequently, Valladares filed a motion to dissolve the emergency order of suspension and requested that it be heard and combined with the final hearing. However, the motion was not heard at that time.
At the final hearing, which commenced on April 1, 1996, the referee found that the allegations of misappropriation in the Bar’s petition for emergency suspension were false. The referee also dismissed allegations of neglect of another client of Valladares because all five of that client’s cases were resolved in his favor. The referee found that Valladares technically violated the count against practicing law while suspended, but dismissed it as a clearly unintentional act with a logical explanation. The referee did conclude that Valladares violated rules 4-1.4(a), 4-1.15(a), 4-1.15(c), 4-1.15(d), 4-8.4(g), 5-l.l(e)(2), 5-1.2, 4-5.5, 4-8.4(g), and 3-4.8. The referee recommended suspension from the practice of law for ninety (90) days effective, nunc pro tunc, November 15, 1995. In addition, the referee recommended three years probation with a condition that Valladares be required to employ a public accountant at his own expense who shall render quarterly reports of all of Valladares’ operating accounts and trust accounts to the staff counsel of the Bar. A second condition of his probation is that Valladares remain under contract with F.L.A. at his sole cost and expense and be monitored and subject to random drug testing by same regarding his rehabilitation.
Valladares is currently working part-time as an English teacher for the Dade County Public Schools and as an adjunct professor for Miami-Dade Community College. He is also doing legal research part-time for Thomas Headley, P.A.
We find that the record supports the referee’s findings in Valladares I. We conclude that the suspension for ninety days, effective, nunc pro tunc, November 15,1995, with automatic reinstatement is appropriate given the prior order of temporary suspension. Accordingly, we hereby suspend Osvaldo Francisco Valladares from the practice of law for ninety days effective, nunc pro tunc, November 15, 1995. In addition, Valladares is placed on probation for three years. Further, as a condition of his probation, Valla-dares is required to employ, at his own expense, the services of a public accountant who shall render quarterly reports on all of Valladares’ operating accounts and trust accounts to staff counsel of The Florida Bar. A second condition of his probation is that Val-ladares remain under contract with F.L.A. and, at his sole cost and expense, that he be monitored by F.L.A. regarding his rehabilitation and be subjected to random drug testing at F.L.A.’s discretion. Finally, judgment for costs in the amount of $3,467.22 is hereby entered against Valladares in favor of The Florida Bar, for which sum let execution issue.
We also acknowledge the effect of our order entered on May 15, 1997. That order, in Valladares II, suspended Valladares from the practice of law for ninety days effective, nunc pro tune, April 15,1996, with automatic reinstatement and three years’ probation on the conditions that Valladares complete restitution in the amount of $8,550 within two years from May 15,1997, and that Valladares remain in compliance with his F.L.A. contract; further, costs in the amount of $950 were to be paid in accordance with that order. The practical effect is that Valladares may be immediately reinstated upon this opinion becoming final.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.